# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 15 B 03870 |
| Ana R. Torres, ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| _____ ) | |
| ) | |
| Ana R. Torres, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 15-00108 |
| ) | |
| PNC Bank N.A., ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Defendant, PNC Bank N.A., ("PNC"), the following finding of fact and conclusions of law are made and will be entered:

*Findings of Fact*

1. Plaintiff is an individual residing at 1811 N. Lowell Avenue, Chicago, IL 60639.

2. PNC is the lender and/or servicer of Plaintiff's junior mortgage (Account # XXXXXX8409).

3. Plaintiff filed for relief under Chapter 13 of the United State Bankruptcy Code February 5, 2015 in the Northern District of Illinois, case number 15-03870.

4. The adversary proceeding arises under section 506(A) and 1322(b) of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § §151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6. Plaintiff is the owner of real estate located at 1811 N. Lowell Avenue, Chicago, IL 60639, described as follows:

Common Address: 1811 N. Lowell Avenue, Chicago, IL 60639

Parcel ID#: 13-34-409-015-0000

7. The Subject Property is Plaintiff's personal residence.

8. The fair market value of the real estate is $79,400.00 pursuant to Exhibit B of the original adversary complaint.

9. The first mortgage lien on the subject property is currently held by ABN Amro Mortgage Group ("ABN") (Account # XXXXXX7499) in the amount of $115,027.00 pursuant to Exhibit B to the original adversary complaint.

10. The second mortgage on the subject property is also held by Defendant, PNC (Account # XXXXXX8409) in the amount of $91,278.00, pursuant to Exhibit B of the original adversary complaint.

11. Under 11 U.S.C. § 506(a), Defendant's junior mortgage (Account # XXXXXX8409) would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

12. The amount owed on the first mortgage, $115,027.00 exceeds the value of the above real estate, $79,400.00.

## Conclusions of Law

13. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be avoided and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See In re Pence, 905 F.2d 1107 (7th Cir. 1990); Holloway v. U.S., 2001 WL 1249053 (N.D.Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D.Ill. 2002); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000); In re Mann, 249 B.R. 831 (1st Cir. BAP 2000); In re Pond, 252 F.3d 1222 (2nd Cir. 2001).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant PNC Bank N.A., and allowing Defendant's mortgage being paid as specified within.

ENTERED:

_____
U.S. Bankruptcy Judge

Dated: 4/21/15

APR 2 1 2015

Ryan J. Waite
Attorney for Plaintiff
The Waite Law Firm
5639 Washington Street
Downers Grove, IL 60516
773-680-0610